17-2796-cv
*Sanchez v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

MARIS SANCHEZ, IN HER CAPACITY AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF CESAR A. SANCHEZ, JR. DECEASED, ESTATE OF CESAR SANCHEZ, DECEASED,

       *Plaintiffs-Appellants,*

     v.

                                No. 17-2796-cv

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK STATE DIVISION OF PAROLE, STATE OF NEW YORK, POLICE OFFICER ERNESTO SAVALLOS, IN HIS CAPACITY AS AN EMPLOYEE OF THE NEW YORK CITY POLICE DEPARTMENT AND/OR THE CITY OF NEW YORK, BEVERLY FELMINE, IN HER CAPACITY AS AN EMPLOYEE OF THE NEW YORK STATE DIVISION OF PAROLE AND/OR THE STATE OF NEW YORK,

       *Defendants-Appellees.*\*

---

\* The Clerk of Court is directed to amend the caption as above.

For *Plaintiffs-Appellants*:　　　　　　　J.A. SANCHEZ-DORTA, The Law Office of J.A. Sanchez-Dorta, P.C., New York, N.Y.

For *Defendants-Appellees* State of New York: MARK S. GRUBE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

For *Defendants-Appellees* City of New York: FAY NG, Assistant Corporation Counsel (Richard Dearing, Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Maris Sanchez ("Sanchez") brings this appeal on behalf of her deceased son, Cesar Sanchez ("Cesar"), and his estate. The defendants-appellees are the City of New York and one of its agencies and an officer, the State of New York and one its agencies and an officer. Sanchez seeks to hold defendants liable for Cesar's death by alleging that defendants failed to prevent Delano Hubert, a New York state parolee, from shooting and killing her son. The district court granted both defendants' Rule 12(b)(1) and 12(b)(6) motions to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* the grant of a Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), and Rule 12(b)(6) motions for failure to state a claim, *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.

To begin, we note that it is a well-settled general rule that an appellate court will not consider an issue raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Entertaining issues raised for the first time on appeal, however, is discretionary, and we choose to exercise our discretion to address the claims to the extent the claims were developed in the record below. *See id.*

With respect to the State defendants, the Eleventh Amendment deprives federal courts of the authority to entertain damages actions asserted against a State "absent [a] waiver or valid abrogation" of state sovereign immunity.[1] *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). The Eleventh Amendment to the Constitution has been interpreted to mean that non-consenting

---

[1] We note that the district court treated the motion to dismiss on sovereign immunity grounds as premised on a lack of subject matter jurisdiction. We remarked, not long ago, however, that "whether [a] claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit." *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013). We need not resolve that question here, because sovereign immunity bars plaintiffs' claims under either analytical framework.

states and their agencies are immune from suit in federal court, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–100 (1984), and the immunity applies to state officials acting in their official capacities, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, we conclude the district court properly concluded that the State of New York, New York State Department of Corrections and Community Supervision ("DOCCS"),[2] and Beverly Felmine were entitled to dismissal on the ground of sovereign immunity.[3]

The facts of this case bear a similarity to those presented in *Martinez v. California*, 444 U.S. 277, 284–85 (1980), where the Supreme Court held that the plaintiffs could not recover against California parole officials for a state parolee's murder of a young girl because the parole board released the parolee from prison five months before the murder. The Court found the victim's death too "remote a consequence of the parole officers' action" to be attributable to the State. *Id.* at 285. "Although the decision to release [the parolee] from prison was action by the State, the action of [the parolee] five months later cannot be fairly characterized as state action." *Id.* at 284–85. And less than a decade later, the Supreme Court made clear in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197

---

[2] Although plaintiffs listed the "New York State Division of Parole"—a now non-existent entity that merged in 2011 with another agency to form DOCCS—as a defendant in this case, the district court construed their claims as challenging actions taken by DOCCS. On appeal, plaintiffs do not contend that the district court erred in doing so.

[3] In the proceedings below, Sanchez withdrew all individual-capacity claims against Felmine, leaving only official-capacity claims. *See* **A. 14, 78.** Sanchez does not contest this point.

(1989), that a "[s]tate's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."

There is a "state-created danger" exception to this general rule that applies when the state took some affirmative action to encourage or assist in the private violence. *See Pena v. DePrisco*, 432 F.3d 98, 108–10 (2d Cir. 2005). The exception does not apply in the circumstances presented here, however, where City actors took no affirmative action to encourage or assist the private citizen who took Cesar's life. *See id.*; *see also Martinez*, 444 U.S. at 284–85. Although we sympathize with plaintiffs' situation and agree that arrest warrants should be promptly executed, there is simply no showing permitting the conclusion that City defendants provided Hubert with material assistance, had any communication with him after the warrant issued, or had any reason to suspect that he posed a particular danger to Cesar, as opposed to the overall public at large. *See Martinez*, 444 U.S. at 284–85; *cf. Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 429 (2d Cir. 2009); *Hemphill v. Schott*, 141 F.3d 412, 418–20 (2d Cir. 1998). A "passive failure to stop private violence" will not suffice to establish a state-created danger, *Pena*, 432 F.3d at 110, and "[i]t is not enough to allege that a government actor failed to protect an individual from a known danger of bodily harm or failed to warn the individual of that danger," *see Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007). Notwithstanding these unfortunate circumstances, therefore, City defendants simply cannot be held liable under the state-created danger exception.

Municipal liability under § 1983 arises when the challenged action was taken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978). No such policy has been alleged in this case, much less the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The district court also acted properly in declining to hear the state law claims once all of the federal claims were dismissed. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

We have considered Sanchez's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6